NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| TETIANA V. ROMANOVA,<br><br>Plaintiff,<br><br>v.<br><br>RICHARD HARRY EPP,<br><br>Defendant. | Civil Action No.: 17-2720 (JLL)<br><br>OPINION |

**LINARES**, District Judge.

This matter comes before the Court by way of *Pro se* Plaintiff Tetiana V. Romanova's filing of a Complaint and application for emergent relief, along with an application to proceed *in forma pauperis*, pursuant to 28 U.S.C. § 1915. (ECF No. 1). Based on Plaintiff's affidavit of poverty, the Court (1) grants Plaintiff's application to proceed *in forma pauperis*, and (2) directs the Clerk of the Court to file the Complaint without prepayment of filing fees.

However, pursuant to 28 U.S.C. § 1915(e)(2)(B), this Court has *sua sponte* screened Plaintiff's Complaint to determine whether it is frivolous or fails to state a claim. A complaint will be deemed deficient if it does not comply with the pleading requirements set forth in Federal Rule of Civil Procedure 8(a). Specifically, a complaint must state: "(1) a short and plain statement of the grounds for the court's jurisdiction . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief." FRCP 8(a). Having reviewed Plaintiff's Complaint, the Court finds the Complaint fails to sufficiently plead grounds for this Court's subject matter jurisdiction and fails to state a claim for relief which this Court has the authority to grant.

Accordingly, the Court will dismiss Plaintiff's Complaint and will permit Plaintiff an opportunity to file an amended pleading that complies with Rule 8(a).

**A. Background**

Plaintiff is "an American legal permanent resident Green Card holder" who, in 2008, emigrated from Ukraine to the United States though the K-1 fiancé visa program. (Compl. at 1). According to the Complaint, Defendant Epp is an American citizen who was Plaintiff's K-1 visa sponsor. (Id.). Plaintiff alleges that she married Epp, but that "everything the [D]efendant had told [her] about himself and promised to provide for [her] in America, were later discovered to be nothing but lies and never occurred." (Id.). Further, Plaintiff alleges that the Defendant failed to comply with certain requirements of the K-1 visa program and that he was physically and otherwise abusive towards her and her two children. In short, Plaintiff alleges that Defendant committed "immigration fraud." Against this backdrop, Plaintiff asserts five counts against Epp sounding in breach of contract, false imprisonment, fraudulent inducement, and breach of fiduciary duty. (Id. at 30-34).

According to Plaintiff, "[t]here is an ongoing proceeding in Broward County, Florida circuit court . . . that further complicates the legal issues in this Complaint." (Id. at 2). The Complaint outlines the history of the Florida Circuit Court proceedings, including: the 2012 entry of a "Final Judgment of Dissolution" of marriage; the entry of a child custody order; Plaintiff's filing of a "Petition to permit Relocation with Minor Children and a Motion for Temporary Order Granting the Relocation," and; the entry of a "Final Judgment of Injunction for Protection against Domestic Violence with minor Children (after Notice))" against Defendant. (Id. at 2-5). Plaintiff alleges that, when the Florida court failed to timely resolve her Relocation Petition, out of fear for the safety of herself and her children, she left Florida and advised the Palm Beach County District

2

Attorney's office of same. After Plaintiff left the State of Florida, and sometime around February 1, 2016, the Florida Circuit Court granted Defendant's "Motion for a Child Pick Up." (Id. at 7-8). Plaintiff further alleges that she was never provided with legal notice of the Child Pick Up Order, and that the State Court issued a warrant for her arrest for her failure to return her children to Broward County, Florida. (Id. at 8). Plaintiff contends that her procedural due process rights were violated by the entry of the "Child Pick Up Order" because the Court did not send her legal notice of same and did not consider her attorney's objection to the Defendant's motion for the Child Pick Up Order. (Id. at 8).

As a remedy for Defendant's alleged immigration fraud, Plaintiff requests that this Court terminate Defendant's parental rights, issue "an immediate order staying the Broward County, Florida circuit court's 'Child Pick Up' order issued sometime around March 1st, of 2016" and order a withdrawal of the pending arrest warrant. (Id. at 35-36; ECF No. 1-1 at 1). Plaintiff also requests "a formal declaration of rights and Declaratory Judgment order stating whether the defendant Epp is legally responsible for committing federal immigration fraud by intentionally defrauding the plaintiff and the U.S. government while serving as a United States' K-1 'Alien-Fiancee' Visa sponsor." (Compl. at 58).

**B. Analysis**

Although couched as an action against Defendant Epp for common law claims grounded in alleged "immigration fraud," Plaintiff ultimately seeks to void the Florida Circuit Court's child custody orders. "The fundamental principal of the *Rooker-Feldman* doctrine [is] that a federal district court may not sit as an appellate court to adjudicate appeals of state court proceedings." *Port Auth. Police Benevolent Assoc., Inc. v. Port Auth. of N.Y. and N.J. Police Dep't*, 973 F.2d 169, 179 (3d Cir. 1992). That is, the *Rooker-Feldman* doctrine "prohibits District Courts from

3

adjudicating actions in which 'the relief requested . . . requires determining that the state court's decision is wrong or . . . void[ing] the state court's ruling.'" *Desi's Pizza, Inc. v. City of Wilkes-Barre,* 321 F.3d 411, 419 (3d Cir.2003) (citing *FOCUS v. Allegheny County Court of Common Pleas,* 75 F.3d 834, 840 (3d Cir.1996)). Yet, in this case, the relief Plaintiff seeks "can only be predicated upon a finding that the state court has made incorrect factual and legal determinations in entering its orders." *McAllister v. Allegheny County Family Div.,* 128 Fed. Appx. 901, 902 (3d Cir. 2005). Because Plaintiff seeks an order from this Court reversing various orders of the Florida Circuit Court, this Court it is without jurisdiction to entertain this matter pursuant to the *Rooker-Feldman* doctrine.

Additionally, the Court finds that the abstention doctrine developed in *Younger v. Harris,* 401 U.S. 37 (1971) counsels against this Court exercising jurisdiction over a matter seeking review of a pending state court proceeding. Three requirements must be met before *Younger* abstention is appropriate: "(1) there must be pending or ongoing state proceedings which are judicial in nature; (2) the state proceedings must implicate important state interests; and (3) the state proceedings must afford an adequate opportunity to raise any constitutional issues." *O'Neill v. City of Philadelphia,* 32 F.3d 785, 789 (3d Cir. 1994) (citation omitted). Here, the first element of *Younger* abstention is plainly met where Plaintiff has expressly stated that "[t]here is an ongoing proceeding in Broward County, Florida" relating to child custody. (Compl. at 2). Second, it is beyond question that matters of domestic relations and child custody are quintessentially of state importance.[1] *See Ankenbrandt v. Richards,* 504 U.S. 689, 702-704 (1992) (recognizing an

---

[1] Notably, this Court also lacks subject matter jurisdiction under the domestic relations exception to federal diversity jurisdiction. *See Ankenbrandt v. Richards,* 504 U.S. 689, 702-704 (1992) (recognizing an exception to federal diversity jurisdiction for cases involving divorce, alimony, and child custody

exception to federal diversity jurisdiction for cases involving divorce, alimony, and child custody). Finally, to the extent Plaintiff contends that her constitutional rights were violated by the Florida Circuit Court, Plaintiff certainly had the opportunity to raise those issues on appeal. Accordingly, the Court declines to exercise jurisdiction over this action under the doctrine of *Younger* abstention.

Even if this Court had the authority to exercise jurisdiction over this matter, the Court finds that this District would not be the proper venue for Plaintiff's case. Pursuant to 28 U.S.C. § 1391, venue is properly laid in: "(1) a judicial district in which any defendant resides . . . ; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the Court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391. Here, none of these bases for venue exist as: (1) the Defendant does not reside in this District, but rather resides in Florida; (2) the Defendant's alleged misconduct occurred in Florida, and; (3) there does not appear to be any basis for this Court to exercise personal jurisdiction over Defendant.

### C. Conclusion

For all of the reasons discussed above, the Court will dismiss Plaintiff's Complaint and will deny Plaintiff's application for emergent relief. However, although it appears unlikely that Plaintiff will be able to overcome the numerous jurisdictional deficiencies outlined in this Opinion, given Plaintiff's *Pro se* status, the Court will permit Plaintiff an opportunity to file an Amended Complaint that complies with Federal Rule of Civil Procedure 8(a). An appropriate Order accompanies this Opinion.

IT IS SO ORDERED.

DATED: May ____, 2017

_____
JOSE L. LINARES, U.S.D.J.